UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BOB K. WATSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:01-CR-55 / 3:08-CV-522 |
| | ) | | 3:01-CR-71 / 3:08-CV-523 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Bob K. Watson ("petitioner"). The government has filed its response to the § 2255 motion. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. In addition, petitioner's motion to withdraw his guilty plea will be **DENIED**, his motion to return property will be **DENIED**, and all other pending motions will be **DENIED** as **MOOT**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner was convicted, pursuant to a plea agreement that referenced both cases[1], of various charges relating to the manufacture and distribution of methamphetamine [Criminal Action No. 3:01-cr-55, Doc. 122, Plea Agreement] and to the removal and alteration of identification numbers for motor vehicles and motor vehicle parts [Criminal Action No. 3:01-cr-71, Doc. 71, Plea Agreement]. He was sentenced to concurrent terms of imprisonment of 152 months on the drug-related charges and 60 months on the motor vehicle-related charges. The cases were consolidated on direct appeal; although his convictions were affirmed by the Sixth Circuit, petitioner's sentences were vacated and remanded in light of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 1101 (2005). *United States v. Watson*, Nos. 03-5397/03-5298 (6th Cir. Aug. 4, 2005) (unpublished order). On remand, petitioner

---

[1] Petitioner's cases were reassigned to the undersigned on August 5, 2008, as to case number 3:01-CR-55-2 [Doc. 247] and January 14, 2009 as to case number 3:01-CR-71-1 [Doc. 220].

was again sentenced to 152 months' imprisonment and the Sixth Circuit affirmed. *United States v. Watson*, Nos. 06-6568/ 06-6570 (6th Cir. July 8, 2008) (unpublished order). In support of his § 2255 motion, petitioner alleges numerous instances of ineffective assistance of counsel; he also alleges that the government violated the plea agreement.

### III. Discussion

#### A. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

3

action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges three specific claims of ineffective assistance of trial counsel. The first two claims of ineffective assistance are related.

4

1. **Counsel was ineffective in advising petitioner to stipulate to 500 grams of methamphetamine.**

2. **Counsel was ineffective in advising petitioner that the penalty for 500 grams of methamphetamine was the same as that for 200 grams.**

Petitioner pleaded guilty to, among other charges, count one of the superseding indictment, which charged him with conspiracy to manufacture, distribute, and possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. [Criminal Action No. 3:01-cr-55, Doc. 4, Superseding Indictment, p. 1; Doc. 122, Plea Agreement, p. 1, ¶ 1(a)]. As part of his plea agreement, petitioner stipulated that he distributed and possessed with the intent to distribute at least 500 grams but less than 1.5 kilograms of methamphetamine. [*Id.* at 3, ¶ 8]. In addition, in his agreed Factual Basis in support of his guilty plea, petitioner agreed that during the course of the conspiracy he distributed and possessed with the intent to distribute at least 500 grams but less than 1.5 kilograms of methamphetamine. [*Id.*, Doc. 123, Agreed Factual Basis, p. 2].

Petitioner now claims that he stipulated to more drugs than was in evidence or that the government could prove, which he states was less than 200 grams of methamphetamine. He also claims that his attorney advised him that the penalty for 500 grams of methamphetamine was the same as the penalty for 200 grams of methamphetamine.

Petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B)(viii), which provides for a minimum mandatory sentence of five years and a maximum sentence of 40 years in a

5

case involving 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. To the extent counsel was referring to the statutory minimum and maximum sentences, counsel was correct that the penalty was the same for 500 grams and 200 grams of methamphetamine, both being more than 50 grams of the substance.

Petitioner's stipulation to 500 grams of methamphetamine but less than 1.5 kilograms resulted in a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4). [Presentence Investigation Report, p. 16, ¶ 47]. He argues that had he stipulated to less than 200 grams of methamphetamine, his base offense level would have been 26, U.S.S.G. § 2D1.1(c)(7), and therefore resulted in a lower advisory guideline sentence range. Petitioner contends that his attorney should have advised him to enter into a plea agreement that stipulated to less than 200 grams of methamphetamine. This is nothing in the record to suggest, however, that the government would have agreed to such a stipulation.

There is likewise nothing in the record to suggest that plaintiff would not have pleaded guilty and gone to trial absent his attorney's alleged deficient advice. The record is clear that petitioner's guilty plea was knowing and voluntary.

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Criminal Action No. 3:01-cr-55, Doc. 143, Transcript of Change of Plea]. The Court first determined that petitioner had gone through the 12th grade in school and could read and write. [*Id*. at 5]. The Court next verified that petitioner had stipulated in the factual basis to a certain amount of methamphetamine and determined that petitioner understood that the amount of

drugs would affect his sentence. [*Id*. at 6-7]. The Court further determined that petitioner had been advised of the elements of the offenses charged that the government was required to prove beyond a reasonable doubt. [*Id*. at 7-8]. With respect to the drug conspiracy charge, the Court advised petitioner that the minimum penalty he was facing was five years and the maximum penalty was 40 years. [*Id*. at 9].

The Court also discussed with petitioner and his attorney the anticipated guideline sentencing range. [*Id*. at 10]. Petitioner acknowledged that his base offense level was 32. [*Id*. at 11]. The Court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 11-12]. Petitioner was specifically asked whether any officer or agent of the government had promised him a lighter sentence if he pleaded guilty or whether any officer or agent of the government had pressured him, either physically or mentally, to plead guilty; he answered "No" to both questions. [*Id*. at 12-13]. Petitioner stated that he was pleading guilty because he was in fact guilty. [*Id*. at 13]. The Court then accepted the guilty plea.

> All right. The court has observed the appearance of the defendant and his responsiveness to the questions asked. Based upon these observations and the answers, the court is satisfied that; the defendant is in full possession of his faculties and is competent to plead guilty; he is not under the apparent influence of narcotics, mind-altering drugs, or alcohol; he understands the nature of the charge to which the plea is offered and the mandatory and minimum penalty and maximum possible penalty provided by law; he waives his constitutional rights accorded all persons accused of a crime; he is aware of a plea agreement made in his behalf; and he has offered to plead guilty voluntarily. Accordingly, the plea of guilty will be accepted, and this matter will be continued for a presentence report.

[*Id*. at 15-16].

7

In 1969, the United States Supreme Court held that, prior to the acceptance of a guilty plea, there must be "an affirmative showing that it [is] intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

In addition, the Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the record, it is clear that petitioner's guilty plea was knowing and voluntary. The Court reaffirmed the validity of the guilty plea when it denied petitioner's subsequent motion to withdraw the plea [Criminal Action No. 3:01-cr-55, Doc. 146, Transcript of Proceedings, p. 8] and the Sixth Circuit concurred.

> Upon review, we conclude that the district court did not abuse its discretion when it denied Watson's motion to withdraw his guilty plea because Watson offered no fair and just reason to withdraw it. First, Watson's motion was not promptly filed. Second, Watson did not present a convincing justification for his failure to file his motion earlier. Third, Watson did not maintain his innocence, but at the plea hearing clearly admitted his guilt and confirmed the government's factual basis. Fourth, the plea hearing transcript reveals that Watson's guilty plea was not hastily entered or made with an unsure heart and confused mind. Fifth, the record reveals that Watson has a twelfth grade education and has owned his own business for several years. Sixth, Watson's alleged unfamiliarity with the criminal justice system is outweighed by the remaining factors. Seventh, because Watson failed to demonstrate a fair and just reason for granting his motion to withdraw his guilty plea, it was unnecessary for the district court to consider the potential prejudice to the government if the motion was granted.

*United States v. Watson*, Nos. 03-5397/03-5298, slip op. at 2-3 (6th Cir. Aug. 4, 2005) (unpublished order).

Based upon the foregoing, it is clear that petitioner knowingly and voluntarily pleaded guilty. There is no reason to believe that, but for his attorney's alleged errors, he would have pleaded not guilty and insisted on going to trial. Petitioner's first two claims of ineffective assistance of counsel lack merit.

### 3. Counsel was ineffective for advising petitioner to stipulate to restitution.

As part of plea agreement with respect to his motor-vehicle related convictions, petitioner agreed that he would pay restitution as ordered by the Court. [Criminal Action No. 3:01-cr-71, Doc. 71, Plea Agreement, p. 3, ¶ 4]. He was ordered to pay restitution as follows: $17,682.95 to American Road Services Insurance, $40,374.00 to Cleatus Moore, $2,500.00

9

to Rosie Dunn, and $9,940.39 to Motors Insurance Corporation, for a total amount of restitution ordered in the amount of $70,497.34. [*Id.*, Doc. 136, Judgment, p. 6].

Petitioner now alleges that counsel was ineffective for advising him to agree to restitution. In petitioner's case, restitution was mandated by statute. *See* 18 U.S.C. §§ 3663 and 3663A; *see also* U.S.S.G. § 5E1.1(a). Accordingly, his attorney was not ineffective in advising him to stipulate to restitution. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the *Strickland* standard.

### B. The Government's Breach of Plea Agreement

Petitioner alleges the government violated the plea agreement by allowing the petitioner to plead guilty to more drugs than the evidence supported. As noted, petitioner entered a knowing and voluntary guilty plea, in which he stipulated to the amount of methamphetamine involved in the conspiracy. His claim that the government breached the plea agreement is wholly without merit.

### C. Other Pending Motions

Petitioner has filed additional motions in his criminal cases. Petitioner moves to withdraw his guilty plea based upon an alleged breach of the plea agreement by the

10

government. [Criminal Action No. 3:01-cr-71, Doc. 232]². As part of the plea agreement, the government agreed that it would not object to a finding by the probation officer that petitioner was entitled to a three-level reduction for acceptance of responsibility. [*Id.*, Doc. 71, Plea Agreement, p. 3, ¶ 5]. At sentencing, however, the government objected to petitioner receiving the reduction for acceptance of responsibility based upon his obstruction of justice as well as his unsuccessful attempts to withdraw his guilty plea. [Criminal Action No. 3:01-cr-55, Doc. 211, Transcript of Sentencing Hearing, pp. 7-8]. Nevertheless, the Court gave petitioner the three-level reduction at the original sentencing [*id.* at 9] and at re-sentencing. [*Id.*, Doc. 240, Transcript of Re-Sentencing, p. 36]³. Petitioner's motion to withdraw his guilty plea lacks merit and it will **DENIED**.

Petitioner has filed a motion for return of property, in which he seeks the return of two tracts of real estate that were forfeited to the United States. [*Id.*, Doc. 267]. The final order of forfeiture was entered February 20, 2003. [*Id.*, Doc. 196]. Petitioner claims that the final order of forfeiture is null and void because his sentence did not include the forfeiture. It is true that the original Judgment of Conviction [*id.*, Doc. 197] did not reference the forfeiture. However, the original Judgment of Conviction was vacated by the Sixth Circuit and the case remanded for re-sentencing under *Booker*. The Amended Judgment of Conviction [*id.*, Doc. 234] entered on December 14, 2006, did reference the forfeiture and thus corrected any deficiency with respect to the omission of forfeiture from the original sentence. *See* Fed. R.

---

²The motion is also docketed as document 261 in Criminal Action No. 3:01-cr-55.

³The transcript is also docketed as document 206 in Criminal Action No. 3:01-cr-71.

11

Crim. P. 32.2(b)(4)(B) (the court's failure to include the forfeiture order in the judgment may be corrected at any time). Moreover, a criminal forfeiture must be challenged on direct appeal from the judgment of conviction, which petitioner did not do, and he therefore cannot raise the issue now. *See Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007). Petitioner's motion for return of property will be **DENIED**.

The remainder of the pending motions pertain to either the § 2255 motion to vacate sentence, the motion to withdraw the guilty plea, or the motion for return of property. Those motions having been denied, the remaining pending motions will be **DENIED** as **MOOT**.

### IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

Petitioner's motion to withdraw his guilty plea will be **DENIED**. Petitioner's motion to return property will be **DENIED**. All other pending motions will be **DENIED** as **MOOT**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE